[Cite as *State v. Scott*, 2012-Ohio-3811.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97676**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DOMINIQUE R. SCOTT

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547086

**BEFORE:** Keough, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, OH 44145

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: Ma'Rion Horhn
      Sheila Turner-McCall
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Dominique R. Scott, appeals the trial court's judgment, rendered after a jury verdict, finding him guilty of failure to comply with an order or signal of a police officer, carrying a concealed weapon, and drug possession, and sentencing him to an aggregate term of three years incarceration. We affirm.

{¶2} The evidence at trial demonstrated that on February 4, 2010, Cleveland police officers Vasile Nan and Robert Norman were patrolling in their zone car near the area of East 96th Street and Miles Avenue in the city of Cleveland. The day was cold and due to the weather, driving conditions were not good.

{¶3} At approximately 5:30 p.m., the officers observed an Oldsmobile Intrigue traveling with expired license plates. They pulled behind the car and activated their lights and siren to effectuate a traffic stop. The car, driven by Scott, turned right onto Pratt Avenue and did not stop or pull over.

{¶4} Although other drivers pulled over upon hearing the siren and seeing the lights, Scott continued down Pratt Avenue at approximately 35-40 miles per hour, over the posted limit of 25 miles per hour. He drove through several stop signs as the officers pursued him; the officers' car fishtailed several times as they followed him down the street.

{¶5} Pratt Avenue ends at East 100th Street and there is a guardrail on the far side of the intersection. Upon reaching the intersection, Scott attempted to turn left but his car fishtailed, striking the guardrail and then a car parked on the side of the street at the intersection.

{¶6} The parked car was occupied by Lilly Raines-Smith, who was picking up her friend Lanita Freeman. Raines-Smith testified that there was ice on the road and, as she watched the Intrigue and the police car come down Pratt Avenue toward her, she knew the Intrigue would not be able to make the turn because it was traveling too fast for the weather conditions.

{¶7} Freeman testified that she was standing in the street next to Raines-Smith's car when she saw Scott's car approaching. She saw his car start sliding as it attempted the left turn, realized it was not going to stop, and quickly moved out of the way before it hit the parked car.

{¶8} Officer Nan testified that Scott then put his car in reverse and tried to back away but his car was stuck and the tires just spun. Scott then jumped out of his car and began running. The officers yelled for him to stop but he kept on running. Officer Nan chased him and eventually tackled him, bringing him to the ground. Upon securing Scott, the officers found a bag that contained cocaine and a loaded .25 caliber semi-automatic pistol in his pocket. Officer Nan estimated that the time that elapsed from when the officers activated their lights and siren until Scott was placed in custody was one minute.

**{¶9}** Scott was charged in a four-count indictment with failure to comply with an order or signal of police officer in violation of R.C. 2921.331(B), with furthermore, firearm, and forfeiture specifications; carrying a concealed weapon in violation of R.C. 2923.12(A)(2), with a forfeiture specification; drug possession in violation of R.C. 2925.11(A); and drug trafficking in violation of R.C. 2925.03(A)(2). Prior to trial, the trial court dismissed the drug trafficking count.

**{¶10}** The jury found Scott guilty of all charges and the trial court sentenced him to an aggregate term of three years incarceration. This appeal followed.

**{¶11}** In his two assignments of error, Scott challenges his conviction for failure to comply with an order or signal of a police officer. For clarity, we discuss Scott's assignments of error out of order.

**{¶12}** Scott was convicted of violating R.C. 2921.331(B), which provides that "[n]o person shall operate a motor vehicle so as to willfully elude or flee police after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." In his second assignment of error, Scott contends that his conviction was against the manifest weight of the evidence because, given the short length of the chase and the slow speed of the vehicles, the State failed to prove beyond a reasonable doubt that his failure to comply was willful.

**{¶13}** When considering a manifest weight challenge, "[t]he question to be answered is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." *State v.*

*Leonard*, 104 Ohio St.3d 54, 81, 2004-Ohio-6235, 818 N.E.2d 229. The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and only in the rare case in which the evidence weighs heavily against the conviction. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶14} This is not that rare case. Although the chase may not have been long and Scott was not traveling at a high rate of speed, the evidence established that Scott did not stop or pull over to the right after the police activated their siren and lights, even though other cars on the road did so. The evidence also established that Scott traveled approximately five blocks, driving over the posted speed limit and through several stop signs, as the police were following him with their lights and siren activated. In addition, the evidence demonstrated that after Scott's car hit Raines-Smith's car, he put his car in reverse and attempted to drive away. When the tires could not gain any traction on the icy road, Scott exited his vehicle and began running away. On this evidence, we cannot conclude that Scott's failure to stop was anything other than willful. The second assignment of error is therefore overruled.

{¶15} In his first assignment of error, Scott challenges the jury's factual finding regarding the furthermore specification related to his failure to comply conviction. A

violation of R.C. 2921.331(B) is a first degree misdemeanor, but if the trier of fact finds beyond a reasonable doubt that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to person or property," the offense is a third degree felony. R.C. 2921.331(C)(5)(a)(ii). The jury found that Scott was guilty of failure to comply and further, that he had created a substantial risk of serious physical harm to persons or property. Accordingly, Scott's offense was a third degree felony.

{¶16} But Scott contends that the jury's finding was against the manifest weight of the evidence because the State failed to prove beyond a reasonable doubt that his operation of the car caused a substantial risk of serious physical harm to persons or property. We disagree.

{¶17} R.C. 2901.01(A)(8) defines "substantial risk" as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur * * *."

{¶18} Here, Scott's operation of his motor vehicle while fleeing the police created a very strong possibility that people would be injured or property would be damaged. Despite the icy conditions on the road, Scott ignored stop signs and drove over the posted speed limit in a residential neighborhood where the sidewalks are very close to the road. Then, driving too fast for the icy conditions, he made a left turn and crashed his car first into a guardrail and then into a parked car where an innocent bystander had been standing only moments before. Fortunately, this bystander saw Scott's car coming and quickly moved out of the way before it hit her; but for her quick action she would likely have been seriously injured.

**{¶19}** Scott argues that his conviction on the furthermore clause was against the manifest weight of the evidence because the occupant of the parked car was not injured and there was no evidence that her car was seriously damaged. But the statute does not require that actual harm occur; it provides that the offense of failure to comply is a third degree felony if the offender's operation of his motor vehicle created "a substantial risk" of serious harm to persons or property.

**{¶20}** Scott's operation of his motor vehicle while trying to elude the police created a substantial risk that people would be seriously injured or property would be damaged. Accordingly, his first assignment of error is overruled.

**{¶21}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
MARY EILEEN KILBANE, J., CONCUR